UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA            CRIMINAL ACTION NO. 04-50091-02

versus

KARL EUGENE "GENE" PEACOCK          JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM RULING

Before the Court is Karl Eugene "Gene" Peacock's ("Peacock") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Based on the following, Peacock's motion is **DENIED**.

## I.   PROCEDURAL HISTORY

Peacock was charged in a multi-count indictment on June 24, 2004.  January 6, 2005, Peacock pled guilty to Counts One and Ten of the Superseding indictment, conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §841(a)(1) and §846 and possession of a dangerous weapon in violation of 18 U.S.C. §924(c)(1).  The pre-sentence report ("PSR") classified Peacock as having a criminal history of II and a Total Offense Level of 31 for guidelines purposes.  The report attributed conservatively 96 ounces of methamphetamine to Peacock and acknowledged that at the guilty plea Peacock had only accepted responsibility for 25 ounces of methamphetamine. There were no objections to the PSR findings by either the government or the defense. Peacock was subsequently sentenced to a total of 240 months, the statutory minimum. Peacock then filed the instant motion for relief under 28 U.S.C. §2255.

Peacock argues that he received constitutionally ineffective assistance of counsel and that this court should therefore vacate, set aside, reverse or correct his illegal sentence

under 28 U.S.C. §2255.

## II. LAW AND ANALYSIS

The government argues that Peacock's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). "Section 2255 does not reach errors of a constitutional or jurisdictional magnitude that could have been reached by direct appeal." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995). However, the Supreme Court held in Massaro v. United States, 538 U.S. 500 (2003), that an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." Thus, we will consider Peacock's claim of ineffective assistance of counsel.

Peacock alleges his counsel (1) failed to sufficiently research his case, (2) failed to properly advise him of the maximum sentence for the crimes to which he pled guilty, (3) and failed to notify him of a conflict of interest that prejudiced his right to a fair proceeding.

### Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Peacock must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington,

466 U.S. 668 (1984); Wong v. Belmontes —U.S.—, 2009 WL 3805746 (2009); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong on the Strickland analysis, the Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689. Peacock may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690. An attorney cannot be considered ineffective simply for failing to raise a meritless claim. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

To establish prejudice, Peacock must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Belmontes 2009 WL 3805746 (2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Peacock must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Peacock fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

### 1. Failure to sufficiently research Peacock's case

Peacock alleges that his counsel did not sufficiently research his case. Specifically, Peacock argues that additional research would have shown that Peacock "had a very minimal role in the alleged conspiracy" and that Peacock "never had any

intention to play a major role in the alleged conspiracy."  Peacock never asserts that research would have shown he was innocent of the charges or did not participate in the conspiracy.  Rather, the import of his statements appear to be that research would have shown Peacock was a minor player in the conspiracy.

In order for an alleged failure to research to be considered constitutionally deficient performance, the resulting defense must be meritorious.  Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney's performance cannot be considered deficient for simply failing to raise a meritless claim).  A defendant's classification under the guidelines may be reduced if he was a "minor participant."  U.S.S.G. §3B1.2.  However, Peacock was sentenced to the minimum sentence under the statute, not the guidelines.  A reduction in his guidelines calculation could not have reduced his sentence.  Thus, any defense based on his minor role would have been meritless and counsel was not deficient for failing to pursue such a defense.

Further, counsel's actions must result in actual prejudice to the defendant to satisfy the Strickland standard.  There is nothing in the record that indicates his sentence could have been mitigated had such evidence been produced.[1]  As mentioned above, Peacock was sentenced to the statutory minimum for the crimes to which he pled guilty.  Therefore, there was no prejudice from counsel's alleged failure to investigate his "minimal role" in the conspiracy and Peacock's claim fails.

### 2. Failure to accurately inform Peacock of the maximum possible sentence for the crimes to which he pled guilty.

Plaintiff signed a plea agreement which states in relevant part:

---

[1] As a side note, such evidence was in the record reviewed by the sentencing judge in the form of a letter from Peacock.

> Defendant . . . understands and acknowledges that the maximum punishment on Count 1 is a term of imprisonment of **not less than 10 years** nor more than life . . . Defendant further understands and acknowledges that the maximum punishment on Count 10 is a term of imprisonment of **not less than 10 years** consecutive to any other sentence you (sic) receive.

(Emphasis added). This document clearly shows that Peacock was informed as to the maximum penalty he could receive and that the sentences would be served consecutively.

In addition, the signed plea agreement goes on to state, "Defendant acknowledges and agrees that the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement." This also indicates that Peacock was on notice that his counsel could not guarantee a certain sentence.

Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994). Peacock has presented no evidence to contradict the record. While he claims counsel failed to represent accurately his potential sentence, his signed plea agreement directly contradicts that assertion. Pea fails to show that his counsel's actions fell below the constitutional standard of competence and that his counsel's actions resulted in prejudice as required by Strickland. Therefore, his claim fails.

### 3.     Failure to notify Peacock of a conflict of interest

Peacock claims that his counsel "had a conflict of interest on whether the Petitioner was actually giving Counsel a true explanation of all facts." In other words, Peacock believes that his counsel was unable to present an adequate defense since his counsel did not believe his version of the facts. He cites counsel's failure to research his case adequately as an indication that counsel did not believe that Peacock

had a minimal role in the conspiracy. However, as mentioned above, Peacock has not shown what relevant facts could have been researched that might have changed the sentence or resulted in Peacock not taking the offered plea. As he has admitted in filings with this court, Peacock is guilty of the charged offenses. He only claims that his role was minimal, which is irrelevant since any reduction would have been taken under the guidelines and Peacock was sentenced to the statutory minimum, not the guidelines minimum. Further, Peacock has not presented any facts, other than his own perceptions that any conflict did indeed exist. Bare allegations by a defendant without any corroborating evidence are not considered to be of probative value. Ross v. Estelle, 694 F.2d 1008,1011-1012 (5th Cir. 1983). Therefore, since Peacock has not shown that a conflict actually existed and if it did that such a conflict prejudiced him in any way, Peacock has failed to satisfy either prong of Strickland and his claim fails.

## IV. Conclusion

Peacock's various complaints regarding ineffective assistance of counsel at sentencing, ineffective assistance of counsel on appeal, and his sentence under section 2255 fail. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of December, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE